UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GARY WILLIAMS,

                    Plaintiff,

        -against-

ALAN C. GLINKENHOUSE, PHILIP S.
FLOUMANHAFT, ALAN QUEEN,
Attorneys at law,

                    Defendants.
----------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 21 2012 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

12-CV-2798 (SLT)

**TOWNES, United States District Judge:**

    Plaintiff Gary Williams, proceeding *pro se*, brings this action pursuant to 42 U.S.C. §1983 against his former attorneys, accusing these defendants of "attorney malpractice, conversion and breach of contract." Complaint at 1. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. However, for the reasons set forth below, this case is dismissed.

### BACKGROUND

    On February 24, 1992, plaintiff and two other people were passengers in an automobile owned and driven by one Russel Graziano. Complaint at 2. At approximately 6:20 p.m., at an intersection in Valley Stream, New York, the automobile was involved in an accident with another vehicle. Plaintiff and the other occupants of Graziano's car were "tossed around like a tennis ball" and showered with broken glass. *Id.*

    Within 72 hours of the accident, plaintiff visited the law firm of Glinkenhouse, Floumanhaft, and Queen (the "Firm"), located in Cedarhurst, Queens. After a consultation, defendant Glickenhouse, a partner in the Firm, agreed to take plaintiff's case on a contingency

basis. The Firm subsequently brought an action on behalf of plaintiff and a fellow passenger in Queens County Civil Court.

Sometime thereafter, Glickenhouse called plaintiff at his mother's house and inquired whether anyone in the household owned a car. When plaintiff replied that he did not, but that his mother did, Glickenhouse asked plaintiff for, and obtained, the license number of that vehicle. A few months after plaintiff provided Glickhouse with this information, plaintiff's mother's automobile insurance premiums "rocketed" so high as to render her unable to pay them. Plaintiff asserts that the premiums rose because defendants filed a claim against his mother's insurance "solely to gain partial payment" of the Firm's "minor expenses." *Id.* at 4.

Subsequently, plaintiff was arrested for, and indicted on, criminal charges in the Supreme Court of the State of New York, Queens County. After plaintiff was convicted on the charges, "defendants . . . no longer undertook the same representation." *Id.* According to plaintiff, defendants ignored his case "for the better part of . . . 18 . . . years," until plaintiff filed a complaint with "the disciplinary committee." *Id.* at 6. The Firm then moved in Civil Court to discontinue their representation of plaintiff and/or to discontinue the action they had brought on plaintiff's behalf.

In late May 2012, plaintiff commenced this action. Although plaintiff's complaint does not specifically allege a basis for federal jurisdiction, it states that this is a "civil action pursuant to 42 U.S.C. §1983 Civil Rights Act," *id.* at 1, implying that this Court has federal question jurisdiction. *See* 28 U.S.C. §1331. The complaint does not suggest a basis for diversity jurisdiction, specifically alleging that plaintiff resides at Green Haven Correctional Facility in

2

Stormville, New York, and that defendants are partners of a law firm located in Cedarhurst, New York. Complaint at 1.

## *DISCUSSION*

### *Standard of Review*

Title 28, Section 1915(e)(2)(B), of the United States Code requires a district court to dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, federal courts have an independent obligation to examine the basis of their jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

3

*Jurisdiction*

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction." *Id.* (internal quotations and brackets omitted). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.*, (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). A plaintiff properly invokes § 1332 jurisdiction when he "presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (citing § 1332(a)).

Because plaintiff specifically alleges that both he and defendants are New Yorkers, plaintiff cannot allege diversity jurisdiction under 28 U.S.C. § 1332. The Supreme Court has held that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Ex parte Poresky*, 290 U.S. 30, 31-32 (1933)). Accordingly, if plaintiff cannot present a substantial federal question, this court lacks subject matter jurisdiction over his claim. *See* Fed. R. Civ. P. 12 (h)(3); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001).

In this case, the only basis for federal jurisdiction alleged in the complaint is 42 U.S.C. §1983. However, a claim for relief under §1983 must allege facts showing that the defendant acted under color of a state law to deprive the plaintiff of a federal statutory or constitutional right. 42 U.S.C. § 1983. It is well-established that even "court-appointed attorneys performing a lawyer's traditional functions as counsel . . . do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. §1983." Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir.

4

1997); see also *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is . . . required to show state action.") (citation omitted).

This action does not involve state action. Rather, defendants are attorneys in private practice, retained by plaintiff to represent him in a torts action. Even when accorded the most liberal reading, plaintiff's complaint fails to suggest the sort of state action required to state a claim under §1983.

In addition, plaintiff's complaint fails to allege the violation of a federal statutory or constitutional right. Plaintiff's pleading specifically alleges that this is an "action against the defendants for attorney malpractice, conversion, and breach of contract." Complaint at 1. These are all state-law claims, not federal statutory or constitutional claim, which must be raised in the proper state court.

Since plaintiff's complaint, even liberally construes, does not suggest the state action or federal statutory or constitutional violation necessary to state a claim for relief under 42 U.S.C. §1983, the complaint fails to state a basis for federal jurisdiction. This Court does not express an opinion as to whether plaintiff has a viable cause of action under New York Judiciary Law §497, or whether this and plaintiff's other state-law claims are time-barred. Nothing herein shall be read as estopping plaintiff from pursuing those state-law claims in the appropriate state court.

## CONCLUSION

For the reasons set forth above, the complaint, filed *in forma pauperis*, is dismissed in its entirety for lack of subject-matter jurisdiction. This Court does not reach the merits of plaintiff's state-law claims and nothing herein shall be read as estopping plaintiff from pursuing those

claims in the appropriate state court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: June 15, 2012
       Brooklyn, New York